**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| JACQUELINE DUNN, as Administrator of the Estate of CHARLES DEVAULT, deceased; SHERYL CUNNINGHAM; DEBRA LYNN BESHEAR; RENEE BROCKENSHIRE; THURMAN EUGENE DEVAULT; MARK ANTHONY STAPLETON; and MICHELLE ANN STAPLETON;  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>OFFICER RACHEL RICE; OFFICER ADAM WENDELL; OFFICER RICHARD LONG; VERMILION COUNTY; SHERIFF PATRICK HARTSHORN; and DR. BUMYONG LEE;  )<br><br>Defendants.  ) | Case No. 04-2280 |

**OPINION**

On February 2, 2007, Defendants Rachel Rice, Adam Wendell, Richard Long, Patrick Hartshorn, and Vermilion County filed a Bill of Costs (#114) and Brief in Support (#115) with supporting documentation seeking costs of depositions, costs of photocopying, and subpoena fees.[1] On February 16, 2007, Plaintiffs filed an Objection to Bill of Costs (#116), and Defendants filed a

---

[1] Defendant Bumyong Lee also filed a Bill of Costs (#118) on February 19, 2007. On February 22, 2007, Defendant Lee filed a Motion to Dismiss (#120) his Bill of Costs. In the motion, Defendant Lee indicates he is no longer seeking reimbursement of costs. This court grants Defendant Lee's Motion to Dismiss and terminates his Bill of Costs.

Reply (#121) on March 2, 2007. For the reasons that follow, Defendants are awarded $7,142.62 in costs.

Plaintiffs first argue this court should decline to award costs in their entirety due to Plaintiffs' financial condition. Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The Seventh Circuit has interpreted this language as creating a strong presumption that the prevailing party will recover costs. See Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). This presumption is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997); Washington v. Vill. of Riverside, Ill., 2003 WL 21789000, at *2 (N.D. Ill. 2003). "In general, a court may deny costs for two reasons: 1) the losing party is unable to pay; and 2) the prevailing party engaged in misconduct." Washington, 2003 WL 21789000, at *2, citing Weeks, 126 F.3d at 945.

A litigant claiming indigency must provide specific evidence establishing his or her indigency. McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994); Washington, 2003 WL 21789000, at *2. The party hoping to avoid costs must show actual indigence, and not simply that the party's financial resources are limited. Corder v. Lucent Techs., Inc., 162 F.3d 924, 929 (7th Cir. 1998); Rao v. County of Cook, Ill., 2004 WL 856551, at *2 (N.D. Ill. 2004). It is not just a matter of being unable to presently pay the costs; it must be shown that the litigant is not likely to be able to pay the costs in the future. McGill, 18 F.3d at 459; Washington, 2003 WL 21789000, at *2. A showing of a large debt is not sufficient, by itself, to establish indigence to overcome a requested award of costs. See Sanglap v. LaSalle Bank, FSB, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). Further, a showing

of present unemployment, without any explanation of other possible sources of income, or assets, is not enough to establish indigence for purposes of avoiding costs. Rao, 2004 WL 856551, at *2; Jansen v. Packaging Corp. of Am., 1997 WL 583063, at *2 (N.D. Ill. 1997). Moreover, even if a litigant is indigent, costs are not automatically waived and may still be awarded at the court's discretion. McGill, 18 F.3d at 459-60; Wardell v. City of Chicago, 2002 WL 31496215, at *2 (N.D. Ill. 2002); Falcon v. City of Chicago, 2000 WL 1231403, at *1 (N.D. Ill. 2000).

In the instant case, Plaintiffs state in their objection to the bill of costs that Plaintiff Sheryl Cunningham is unemployed and receiving social security disability payments. Plaintiffs indicate that it would be a financial burden if she were required to pay costs. However, Plaintiffs have submitted no evidence of any of the Plaintiffs' financial situations, nor have Plaintiffs established actual indigency. Furthermore, there are six named Plaintiffs in this case and no statement as to the financial situation of anyone other than Sheryl Cunningham has been made. In addition, Plaintiffs have received $32,500 in settlement from Defendant Crosspoint Human Services in this matter thus demonstrating there is a source of money for payment of costs. Accordingly, this court finds that financial considerations do not prevent an award of costs in this matter.[2]

Having determined that Defendants are not precluded from seeking costs in this matter, this court proceeds to determine whether Defendants are entitled to the specific costs they seek. Under 28 U.S.C. § 1920(2), a prevailing party may recover deposition costs, including costs for deposition transcripts. Corder v. Lucent Techs., Inc., 162 F.3d 924, 928-29 (7th Cir. 1998); Cengr v. Fusibond

---

[2] Plaintiffs also argue costs should not be awarded because their "claims had merit." Plaintiffs have cited no authority for the proposition that costs should be denied based on the strength of the parties arguments or lack thereof. This court will not get into the relative strength of Plaintiffs' claims and finds this argument without merit.

Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998). Under 28 U.S.C. § 1920(4), a prevailing party may recover copying costs. Cengr, 135 F.3d at 454. Furthermore, pursuant to 28 U.S.C. § 1920(1), a party can recover fees for service of subpoenas. However, to award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. Cengr, 135 F.3d at 454; Robinson v. City of Harvey, 2004 WL 2033714, at *8 (N.D. Ill. 2004). A court should only award costs where the request is supported by invoices or other documentation. See Robinson, 2004 WL 2033714, at *9.

Initially, Defendants seek $10,678.57 in court-reporting fees and deposition transcript costs. Defendants attached the billing statements from the various court reporters in support of their bill of costs. As to the costs sought by Defendants for the depositions of Sheryl Cunningham, Dennis Johnston, Sandy Rainer, Karter Blakeney, Susan Swider, Amy Gilbert, Bryan Manion, Victoria Crawford, and Dr. Inayat Alikhan, Plaintiffs argue costs should not be awarded because Defendants did not indicate the page length of these depositions. Plaintiffs argue without these page numbers they cannot determine whether the amounts charged are appropriate. While the court reporting bills submitted by Defendants did not indicate a page number for these depositions, Defendants have since supplemented their bill of costs with their reply indicating the number of pages for each of these depositions. Allowing costs at the rate of $3.30 per page for original transcripts and $.83 per page for copies, Defendants are entitled to $2,811.96 for these depositions.

With regard to the depositions of Mark Stapleton, Michelle Stapleton, Les Riggs, Raymond Lewellyn, Patrick Hartshorn, Adam Wendell, Richard Long, Joe Walton, Bumyong Lee, Rachel Rice, Bonita Koppman, Dwayne Cunningham, and Kenneth Fink, Defendants seek $4,928.02 in costs. Plaintiffs assert that $710.41 should be deducted from the sought deposition costs because

the rates sought are greater than $3.30 per page for original transcripts and $.83 per page for copies as set forth by the Judicial Conference. See Surratt v. Chicago Transit Auth., 2005 WL 946873, at *1 (N.D. Ill. 2005). Defendants do not object to this reduction. Accordingly, $710.41 is deducted from the costs Defendants seek for these depositions. Plaintiffs further argue that this court should deduct costs for miniscripts, ASCII disks, and postage associated with transcript delivery. Defendants also do not object to these reductions. Therefore, the costs sought by Defendants for these depositions will be further reduced by $226.95. Accordingly, Defendants are awarded $3,990.66 in costs for these depositions.

Plaintiffs make no argument that any of the depositions were unnecessary in this matter, and this court finds that all the depositions were both reasonable and necessary to the litigation. Accordingly, Defendants are awarded a total of $6,802.62 in deposition costs.

Defendants further seek to recover $456.90 in copying charges. Defendants have in their reply set forth those entities which were required to turn over records pursuant to subpoenas, the number of pages copied, and the rate per page. However, Defendants have not set forth why these copies were necessary to the litigation, and the vast majority of the invoices do not indicate the nature of the documents copied. Where invoices nor affidavits submitted indicate the types of documents being copied, the court cannot determine whether the copying costs were necessary to the litigation. See Tony Jones Apparel, Inc. v. Indigo USA LLC, 2005 WL 3115234 at *4 (N. D. Ill. 2005). Accordingly, this court will not award costs associated with photocopying.

Finally, Defendants seek $340 in subpoena fees for service to the seventeen deponents in this case at a rate of $20 per deponent. Plaintiffs have not filed a specific objection to these costs. Furthermore, this court finds that the rate charged is reasonable. See Doing Steel, Inc. v. Castle

Constr. Corp., 2005 WL 563098 at *3 (N. D. Ill. 2005) (fees for service of subpoena reasonable where less than amounts charged by U.S. Marshal Service at $45.00 per hour plus $.365 per mile). Accordingly, this court awards $340 for fees of service of subpoenas.

IT IS THEREFORE ORDERED:

(1) Defendant Lee's Motion to Dismiss (#120) his Bill of Costs is GRANTED. Defendant Lee's Bill of Costs (#118) is dismissed.

(2) The Bill of Costs filed by Defendants Rachel Rice, Adam Wendell, Richard Long, Patrick Hartshorn, and Vermilion County (#114) is GRANTED in part and DENIED in part. These Defendants are awarded costs in the amount of $7,142.62.

ENTERED this 26th day of March, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE